IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHATARA LAKES, and<br>DEMETRIUS HARRIS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v | ) | |
| | ) | |
| COOK COUNTY | ) | **JURY TRIAL DEMANDED** |
| SHERIFF THOMAS DART, | ) | |
| COOK COUNTY, | ) | |
| a municipal corporation, | ) | |
| DEPUTY SHERIFF | ) | |
| GORDON HOLMES, | ) | |
| LIEUTENANT JOHN DOE, and | ) | |
| JOHN DOE CORRECTIONAL | ) | |
| OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The Plaintiffs SHATARA LAKES and DEMETRIUS HARRIS, by and through their attorneys

of DVORAK LAW OFFICES, LLC, hereby complain against Defendants COOK COUNTY SHERIFF

THOMAS DART, COOK COUNTY, and DEPUTY SHERIFF GORDON HOLMES, LIEUTENANT

JOHN DOE, and JOHN DOE CORRECTIONAL OFFICERS, and state as follows:

### JURISDICTION AND VENUE

1. The incidents described in this Complaint began on or about December of 2016 and

   continued thereafter.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983,

   § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United

   States, and pendent jurisdiction, as provided under U.S.C. § 1367(a). Venue is proper under

1

28 U.S.C. § 1391(b)(2). On information and belief, all of the events giving rise to the claims asserted herein occurred within the district. On information and belief, the Defendants all reside within the district.

## PARTIES

3. Plaintiff Shatara Lakes is an African American female resident of Cook County, Illinois, located in the Northern District of Illinois.

4. Demetrius Harris was, at all times relevant to this complaint, a fiancé of Plaintiff Shatara Lakes and a pre-trial detainee in the Cook County Jail, in Cook County Illinois, in the Northern District of Illinois.

5. Defendant Sheriff Thomas Dart, is the elected sheriff of Defendant Cook County, Cook County is a municipal corporation.

6.  Defendant Gordon Holmes is a white male deputy sheriff, and an employee of Defendant Sheriff Thomas Dart.

7. At all times relevant to this Complaint, Defendant Holmes, Defendant Lieutenant John Doe, and Defendant John Doe Officers, were working under color of law, and within the course and scope of their employment with the Defendant Sheriff Thomas Dart.

## FACTS AND CLAIMS

8. Beginning on or about Saturday, December 24, 2016, the Plaintiff, Shatara Lakes, began conducting weekly visits to the Cook County Jail located at 2700 S. California, in Chicago, Illinois, in order to visit her fiancé, who was awaiting trial.

9. Over the next several Saturdays (December 31, 2016; January 7, 2017; and January 14, 2017), Plaintiff Lakes conducted visits to the jail, with her eight-year-old daughter in tow.

10. On January 7 and January 14 of 2017, for example, Plaintiff Lakes noticed that Defendant Gordon Holmes, who was among the sheriff's deputies assigned to the Public waiting areas,

behaved flirtatiously with her, calling her "beautiful." These remarks were unwelcome, but she initially chose to ignore the flirtatious remarks because she did not want to make a scene in the presence of her daughter.

11. On January 14, 2017, while she was waiting to be taken to see her fiancé, Plaintiff Lakes was repeatedly told by Defendant Holmes that she was beautiful. Again, Defendant Holmes made these remarks in the presence of Plaintiff Lake's daughter; these were unwelcome remarks.

12. During this same visit, Defendant Holmes called the Plaintiff Lakes to his side, and asked her, "If I touch you on your butt, will you slap me?" Plaintiff Lakes laughed nervously at this question, but in no way gave him permission to do so.

13. Defendant Holmes then took a business card, and reached around to Plaintiff Lakes' buttocks, and slid his hand, with the card, into her back pocket. He allowed his hand to linger for several seconds pressed against the Plaintiff's buttocks. The card was left in her back pocket.

14. Defendant Holmes then suggested that he would guide the Plaintiff through security and frisk her, but Plaintiff Lakes refused and demanded to be handled by a female guard. Plaintiff Lakes ultimately returned to a public seating area with her daughter.

15. Defendant Holmes later approached Plaintiff Lakes and her daughter, at the public seating area, and produced a photograph of biracial children, presumably his own. He asked the Plaintiff, "what do you see about these kids?" The Plaintiff responded, "they are beautiful kids" to which Defendant Holmes replied, "they are mixed." These remarks were a clear attempt by Defendant Holmes to demonstrate to Plaintiff Lakes that Defendant Holmes (who is white) was sexually attracted to African American women, and that he was interested in and desirous of having sexual relations with her.

3

16. A short while after this conversation regarding the photograph, Defendant Holmes returned, with the photograph, to where the Plaintiff was seated. He told the Plaintiff that her fiancé "couldn't do anything" for her, whereupon he took her hand, and kissed it before the Plaintiff recoiled.

17. Over the course of this January 14, 2017 visit, while the Plaintiff was waiting to see her fiancé, Defendant Holmes repeatedly told the Plaintiff's daughter to tell her mother (the Plaintiff) that she was beautiful. The Plaintiff eventually told her daughter to ignore Defendant Holmes.

18. The Plaintiff was eventually allowed to see her fiancé, Demetrius Harris, with whom she discussed her experiences with Holmes. He urged her to report Defendant Holmes' conduct. While she was on her way out of the Jail, the Plaintiff asked to see supervisory personnel. She met a sergeant and/or lieutenant and drafted a written statement describing her ordeal.

19. Plaintiff Demetrius Harris also submitted a complaint regarding Holmes' conduct, on or about January 14, 2017.

20. Upon information and belief, an investigation was opened into Defendant Holmes' behavior.

21. Shortly thereafter, Defendant John Doe Correctional officers subjected Plaintiff Harris to a pattern of abuse and harassment in retaliation for the complaints that he and Lakes had submitted.

22. This retaliation included but was not limited to the following: suspension of Harris' participation in the inmate work program, interference with his access to the telephone, and arbitrary and disruptive dorm reassignments.

23. The retaliation continued on February 16, 2017, that date that Plaintiff Harris's criminal case was set for trial. Early that morning, Plaintiff Harris was discussing being transported to the courtroom with a C.O., whereupon a corrections lieutenant, Defendant Lieutenant

John Doe, approached Plaintiff Harris and told him that under no circumstances would he receive any help from correctional officers.

24. Lieutenant Doe then grabbed Plaintiff Harris by the neck and shoved his head against a wall. He then took him into a stairwell and again banged Plaintiff's head against various walls.

25. One or more Defendant John Doe Officers then deliberately and purposefully failed to bring Plaintiff Harris to court for trial. Upon information and belief, the prosecution was ready to try the case.

26. The Plaintiff Harris being absent, the Court re-set the Plaintiff's trial date for March 7, 2017.

27. The Plaintiff Harris remained in the Cook County Jail until March 7, 2017, whereupon Harris was tried and found not guilty.

28. As a result of the incident(s) described above, Plaintiffs Lakes suffered emotional injuries, including but not limited to fear, shame, and humiliation. While Defendant Holmes' hand was pressed to her buttock, and when he grabbed Lakes's hand and kissed it, the Plaintiff also felt powerless, trapped, and was effectively deprived of her liberty by a state authority.

29. Plaintiff Harris similarly suffered injuries including but not limited to fear, humiliation, physical pain, and loss of liberty for the period between February 16, 2017 and March 7, 2017, during which Harris remained in the jail as a result of John Doe Officers' failure present him to the courtroom for his original trial date.

### COUNT I – 42 U.S.C. § 1983
### UNLAWFUL SEARCH/SEIZURE
### (Plaintiff Lakes v. Defendant Holmes)

30. Each paragraph of this Complaint is incorporated herein.

31. Plaintiff Lakes brings a 42 U.S.C. § 1983 claim against Defendant Holmes, for the above-

referenced damages and injuries for violating her right to be free from unreasonable search and seizure.

32. Defendant Holmes' conduct was objectively unreasonable and without lawful justification, in violation of the Plaintiff's rights under the Fourth the Fourteenth Amendments to the United States Constitution

## COUNT II – 42 U.S.C.§ 1983
## EQUAL PROTECTION VIOLATION (RACE/SEX)
### (Plaintiff Lakes v. Defendant Holmes)

33. Each paragraph of this Complaint is incorporated herein.

34. Plaintiff Lakes brings a 42 U.S.C.§ 1983 claim against Defendant Holmes, for the above-referenced damages and injuries caused when he discriminated against her on the basis of her sex, and her race in violation of the equal protection clause of the Fourteenth Amendment.

35. Defendant Holmes' sexual harassment, including but not limited to offensive and unconsented sexual physical contact, targeted the Plaintiff on the basis of her being an African American female. Defendant Holmes' discriminatory conduct was unreasonable and without legal justification. It was, moreover, malicious, willful, and recklessly indifferent to the Plaintiff's constitutional rights.

## COUNT III – 42 U.S.C.§ 1983
## EQUAL PROTECTION VIOLATION (CLASS OF ONE)
### (Plaintiff Lakes v. Defendant Holmes)

36. Each paragraph of this Complaint is incorporated herein.

37. Plaintiff Lakes brings a 42 U.S.C.§ 1983 claim against Defendant Holmes, for the above-referenced damages and injuries caused when Defendant Holmes intentionally, capriciously, and arbitrarily treated her differently from other similarly situated persons, in violation of her rights under the equal protection clause of the Fourteenth Amendment.

38. There was no rational basis or lawful justification for the discriminatory treatment administered by Defendant Holmes. Holmes conduct was malicious, willful, and recklessly indifferent to the Plaintiff's constitutional rights.

## COUNT IV – 42 U.S.C.§ 1983
### EQUAL PROTECTION VIOLATION (CLASS OF ONE)
#### (Plaintiff Harris v. John Doe Officers and Lieutenant Doe)

39. Each paragraph of this Complaint is incorporated herein.

40. As stated above, John Doe Officers retaliated against Plaintiff Harris following the complaints that he and Plaintiff Lakes filed. This retaliation included, but was not limited to, interference with Harris' phone access, removing his inmate work privileges, and causing Plaintiff Harris to miss a trial date and thereby remain in the jail unnecessarily for several weeks; John Doe Officers intentionally, capriciously, and arbitrarily treated Plaintiff Harris differently from other similarly situated persons, in violation of his rights under the equal protection clause of the Fourteenth Amendment.

41. There was no rational basis or lawful justification for the discriminatory treatment administered by John Doe Officers. Their conduct was malicious, willful, and recklessly indifferent to the Plaintiff's constitutional rights.

## COUNT IV – 42 U.S.C.§ 1983
### EXCESSIVE FORCE
#### (Plaintiff Harris v. Defendant Lieutenant Doe[1])

42. Each paragraph of this Complaint is incorporated herein.

43. As stated above, Defendant Lieutenant John Doe subjected the Plaintiff to excessive and unreasonable force, without any legal cause or justification. Defendant Lieutenant Doe acted maliciously, willfully, and/or with a reckless disregard for Plaintiff Harris' constitutional rights.

---

[1] Plaintiff Harris believes, but is not certain, that this defendant's surname is Glover. The Plaintiffs will amend their complaint as their investigation continues.

7

## COUNT V – STATE LAW CLAIM
### Intentional Infliction of Emotional Distress
**(Plaintiff Lakes v. Defendant Dart)**

44. Each paragraph of this Complaint is incorporated herein.

45. The Plaintiff brings an Illinois state law intentional infliction of emotional distress claim against Defendant Dart, for the above-referenced damages and injuries, on the basis that one or more actions of Defendant Dart's employees were objectively extreme and outrageous, and were made with the deliberate intention of causing the Plaintiff severe emotional distress – or with reckless disregard for the likelihood that the Plaintiff would experience severe emotional distress.

46. The actions of one or more of Defendant Dart's employees was undertaken with malice, willfulness, and deliberate indifference to Plaintiff's rights.

47. The misconduct contemplated in this Count was undertaken by one or more of Defendant Dart's employees were done while he/they was/were acting within the scope of his/her/their employment – such that his/her/their employer, Cook County Sheriff Thomas Dart, is liable for those actions.

## COUNT VI – STATE LAW CLAIM
### Battery
**(Plaintiff Lakes v. Defendant Dart)**

48. Each paragraph of this Complaint is incorporated herein.

49. The Plaintiff brings an Illinois state law battery claim against Defendant Dart, for the above-referenced damages and injuries, caused as a result of Defendant Holmes' unconsented, willful, and offensive sexual contact with the Plaintiff's physical person. The misconduct contemplated in this Count was undertaken by Defendant Holmes while he was acting within the scope of his employment – such that his employer, Cook County Sheriff Thomas Dart, is liable for his actions.

8

**COUNT VII – STATE LAW CLAIM**
**Battery**
**(Plaintiff Harris v. Defendant Dart)**

50. Each paragraph of this Complaint is incorporated herein.

51. The Plaintiff brings an Illinois state law battery claim against Defendant Dart, for the above-referenced damages and injuries, caused as a result of Defendant Lieutenant John Doe's unconsented, willful, and offensive contact with Plaintiff Harris's physical person. The misconduct contemplated in this Count was undertaken by Defendant Lieutenant John Doe while he was acting within the scope of his employment – such that his employer, Cook County Sheriff Thomas Dart, is liable for his actions.

**COUNT VII – STATE LAW CLAIM**
**Indemnification**
**(Plaintiff Lakes and Plaintiff Harris v. Defendant Cook County)**

52. Each paragraph of this Complaint is fully restated herein.

53. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities**.**

54. Defendant Cook County is the indemnifying entity for the actions of individual Defendants who acted under color of law and in the course and scope of his employment with the County and its Sheriff's Office.

WHEREFORE, the Plaintiffs seeks compensatory damages, as well as attorneys' fees and costs, and any further relief this Court may deem equitable and just. Additionally, the Plaintiffs seeks punitive damages against Defendant Holmes, Defendant Lieutenant John Doe, and Defendant John Doe Officers.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Respectfully submitted,


s/Richard J. Dvorak
Richard J. Dvorak


Richard Dvorak
Adrian Bleifuss Prados
Dvorak Law Offices, LLC
6262 Kingery Highway
Suite 305
Willowbrook, IL 60527
630-891-3973 (phone)
312-873-3869 (fax)
richard.dvorak@civilrightsdefenders.com

10